## MARTIN v. MARTIN.

*(Common Pleas of New York City and County, General Term. November 7, 1892.)*

1. **LANDLORD AND TENANT—LEASE IN DUPLICATE—DISCREPANCY—WATER RATES.**

   In an action on a written lease by a tenant against his landlord to recover one half the amount of certain water rates paid by plaintiff, it appeared that the lease was executed in duplicate; that by the terms of the copy retained by defendant, expressed in words interlined in the clause relating to water rates, she was exempted from the payment to the tenant of such rates; that these interlined words were omitted from the copy retained by the tenant; and that the discrepancy was first discovered on the trial, when both copies were put in evidence. *Held*, that a judgment for plaintiff was erroneous.

2. **SAME—WRITTEN CONSENT TO ASSIGNMENT—ESTOPPEL.**

   In such case it appeared that defendant, by her attorney in fact, gave consent in writing to the assignment of the lease by the lessee to plaintiff; that at such time neither defendant nor her attorney knew of the discrepancy in the duplicate copies of the lease. *Held*, that defendant was not estopped from claiming exemption under the lease by reason of her failure to inform plaintiff of the terms of her copy.

3. **SAME—RENEWAL OF LEASE.**

   In such case it appeared that, prior to the accruing of such water rates, plaintiff and defendant, by duplicate written agreement attached to their respective copies, extended the term of the lease several years. *Held*, that defendant was not thereby estopped from claiming exemption from payment of water rates accruing under the original lease, because of her failure to inform plaintiff of the terms of her copy.

Appeal from district court.

Action by John B. Martin against Mary J. Martin to recover one half of certain water rates imposed on premises leased by defendant to plaintiff's assignor. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Charles C. Pootheroe*, for appellant.   *Moses Esberg*, for respondent.

BISCHOFF, J. On October 1, 1886, the defendant, Mary J. Martin, entered into a written lease with one Augustus F. Stein, whereby she demised the premises, 15 University place, in the city of New York, to Stein for the term of five years, commencing May 1, 1887. Pursuant to the terms of the lease, the tenant was to pay the annual charges for water rates to be imposed upon the premises, and was not to assign the lease without the written consent of the landlord. The lease was executed in duplicate; one copy being retained by the landlord, the other being delivered to the tenant. The copy retained by the landlord contained a covenant on her part as follows, viz.: "Half the water rate, less any extra rates imposed on tenant and any penalties paid by reason of delay, is to be repaid by landlord to tenant on presentation of receipted bills therefor;" the words "any extra water rates imposed on tenant and" being interlined. The copy delivered to the tenant was in all respects the same, except that the words "any extra water rates imposed on tenant and" had been omitted therefrom. This discrepancy was first discovered on the trial of this action. On May 19, 1887, Stein assigned the lease to one

Frank Sackse, who, on June 18, 1889, assigned it to plaintiff, and on June 19, 1889, defendant, by her attorney in fact, consented in writing to the transfer and to her acceptance of plaintiff as tenant in lieu of Stein, without prejudice, however, to her right to hold Stein answerable for any rent which should at any time remain unpaid. This consent was indorsed on both copies of the lease, and, prior to its execution and his acceptance of the assignment, plaintiff, on application to defendant's attorney in fact, had ascertained that such consent would be forthcoming. On June 1, 1890, plaintiff and defendant entered into an agreement to extend the lease for seven further years; a duplicate of such agreement being annexed, before its execution, to each copy of the lease, and reference to the latter being therein made as the "foregoing lease." On October 1, 1891, plaintiff paid to the proper authority $164.40 for the water rates which were imposed upon the premises for the last preceding year, of which amount only $23 were for the regular annual charges, and the remainder for water used in the laundry conducted by plaintiff on the premises. On defendant's refusal to reimburse plaintiff for one half of the sum so paid, the latter brought this action for its recovery, and the court below awarded judgment for the plaintiff for the sum demanded, with interest. .

On the trial defendant contended that, in the absence of evidence of payment of the water rates by Stein, the original tenant, and an assignment of his right to recover one half of the sum paid to plaintiff, this action was not maintainable, as the landlord's covenant did not run with the land, and the right to enforce it did not pass by the mere transfer of the leasehold estate. Whatever merit there might have been in this contention was, however, effectually removed by defendant's explicit written consent to plaintiff's substitution as tenant in the place and stead of Stein, and from that time forth a privity of contract existed between the parties to this action with regard to the lease, of like effect as though the lease in terms named plaintiff as tenant, instead of Stein. Every covenant, therefore, which Stein could have enforced before the substitution was thereafter equally enforceable by plaintiff.

It is apparent, however, from the amount of plaintiff's recovery, that the trial justice coincided with the claim made for plaintiff to the effect that defendant was estopped from asserting that, pursuant to the terms of the covenant respecting the repayment of one half of the water rates paid by plaintiff, as it appeared in the copy of the lease retained by defendant, the extra rates incurred for the purposes of plaintiff's laundry should be excluded, and, as the claim is untenable, the judgment is excessive, and therefore erroneous. Being duplicates of the same agreement, each copy of the lease was properly admitted as original evidence. *Lewis* v. *Payn,* 8 Cow. 71; 1 Greenl. Ev. § 558; 1 Whart. Ev. § 74; Tayl. Ev. § 426. Together they constituted but one and the same agreement, and, so construed, it appeared on the trial without contradiction that defendant's liability for one half of the water rates paid did not extend to the extra rates imposed. The presumption of knowledge of the contents of a written instrument on the part of the parties executing it does not extend to stipulations inserted or omitted through mutual inadvertence or mistake; and as to these the instrument may be reformed in equity, unless the party seeking reformation has, by some conduct which makes it inequitable towards the other to grant it, precluded himself from such relief.

It was not claimed on the trial that at the time of plaintiff's purchase of the lease defendant or her authorized representatives had, by any affirmative representations, induced him to believe that the alleged duplicate in Stein's possession correctly expressed the terms of the lease, and the claim of estoppel is predicated only upon defendant's representative's failure to disclose the discrepancy at the time of plaintiff's application for the landlord's consent to the transfer of the lease to him, of which discrepancy, it is conceded, neither the landlord nor her representative was then aware. Estoppel by silence can

·only arise where there is both opportunity and duty to speak, (*Viele* v. *Judson*, 82 N. Y. 32; *Rubber Co.* v. *Rothery*, 107 N. Y. 310, 14 N. E. Rep. 269;) and we can conceive of no principle of law or equity which requires the landlord to search the lease for possible errors, and to call the attention of an intending purchaser thereto, in the absence of all evidence tending to show that the landlord, at the time of the transfer, knew that the purchaser was under some misapprehension respecting the terms of the lease. If the landlord was ·chargeable with knowledge of the contents of the copy in Stein's possession, so was the latter chargeable with knowledge of the contents of the copy retained by the landlord, and the landlord and her representative were justified in assuming that Stein had correctly represented the terms of his lease. But it is self-evident, from plaintiff's acts in respect to his purchase of the lease, that he did not rely upon defendant's or her representative's silence regarding ·the terms of the lease as an inducement to purchase it. The fact that Stein was in possession of an alleged duplicate did not preclude subsequent modifi- ·cations and additions or breaches on the tenant's part. No inquiries concerning these matters were made of the landlord, and the only inquiry made of her was to ascertain whether she would consent to the transfer. Plaintiff's determination to purchase the lease if the landlord's consent to the transfer ·could be secured necessarily preceded her consent, and this fact refutes any claim that he was induced to purchase by the landlord's omission to inform him of the discrepancy. Had plaintiff, prior to completing his purchase, applied to the landlord or her representative for information concerning the lease or the condition of the estate thereby demised, and she had undertaken to give it, and he, in reliance thereon, had consummated the purchase, the truth of the information given could not be disputed, as to him and his assigns. Such, however, are not the facts, as they appear on the trial of this ·action. Again, no estoppel can arise from the subsequent agreement between the parties to this action, which provided for an extension of the lease. This agreement was also in duplicate, a copy being attached to each copy of the lease, and so executed, and reference in the agreement was·made to the lease annexed as the one which was intended to be extended. Thus the lease was extended precisely in the same condition in which it was originally executed, the copy retained by the landlord containing the words omitted from the copy retained by plaintiff. If the landlord was chargeable with knowledge of the omission in plaintiff's copy, so was plaintiff chargeable with knowledge of the additional provision in the landlord's copy; and the duplicate leases, with the duplicate agreements for extension, together constituted, in legal intendment, but the evidence of one and the same agreement. If plaintiff executed the landlord's copy in ignorance of the presence of the provision which exempted the latter from payment of any part of the extra water rates, and it was not his intention to accede to the provision, that may afford him relief by rescission; but he should not be permitted to urge his own neglect to examine the instrument executed by him as ground for estopping the landlord from claiming the advantage accruing from the presence of the provision, while he seeks ·to avail himself of the extended term.

The judgment appealed from is reversed, with costs to appellant, and a new ¬trial ordered, unless plaintiff within five days files his consent in writing, and duly acknowledged, to the effect that his recovery be reduced to $11.50, one half of the amount of the regular annual charge for water rates imposed upon the demised premises, with interest, in which event the judgment so reduced ·is affirmed, without costs.