## DORMOS v. VASSILAS.

(Supreme Court, Appellate Term. April 10, 1907.)

1. MONEY LENT—EVIDENCE—SUFFICIENCY.

In an action for money lent, evidence examined, and *held* insufficient to meet the burden of proof on plaintiff to establish the fact of the loan.

2. APPEAL—REVIEW—QUESTIONS OF FACT.

Where the appeal record fails to disclose a single fact or circumstance from which corroboration of the plaintiff's testimony may be inferred, a judgment in his favor in the face of strong contradictory evidence will be reversed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3990–3992.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by John Dormos against George Vassilas for money lent. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Marks & Marks, for appellant.
Elias Rosenthal, for respondent.

ERLANGER, J. The action was for money lent, and the answer thereto a general denial. Plaintiff claims that some time in April, 1905, he had $575 cash in his pocket, and that he had so carried that sum for a considerable period of time; that the defendant requested a loan of $300; that he advanced that amount to him in cash, without taking any note or any other evidence of the debt. He admits that $100 was repaid to him in cash, and that the defendant expended for his account $2, leaving a balance of $198, for which amount he recovered judgment. The defendant's version is flatly opposed to plaintiff. He claims that he "never received from plaintiff one cent"; that in 1904 the parties together owned in Westchester a candy store; that defendant required money badly, and suggested that the business be sold; that it was sold, and the purchaser paid to each $400 in cash;

that shortly thereafter the plaintiff purchased of the defendant for $100 an interest in a fruit stand, and subsequently, around Christmas, 1905, he (plaintiff) expressed a desire to withdraw his interest in that stand and requested the return of his money, and the defendant then and there refunded to him the said $100; that after the Christmas of 1905 plaintiff returned, and declared that his interest in the stand was worth more than $100, and he asked for $200 more, and threatened to sue if that amount was not paid to him. The defendant's testimony was corroborated by two of his employés.

Plaintiff claimed that these witnesses were interested. But, even admitting this to be true, their evidence was entitled to as much probative force as was that of plaintiff, who was also vitally interested in the result. If the evidence of defendant and his two witnesses was deemed wholly incredible, and entitled to no consideration whatsoever because of their interest, then the interposition of a defense was a useless ceremony. All the witnesses, it seems, were in some manner interested; but, before plaintiff could recover, some fact or circumstance in the case in corroboration of his story must be found. There is absolutely nothing in the record which supports the probability of his story; but, on the contrary, it is opposed to common experience in transactions such as plaintiff described. It seems to us that the defendant's story was the more probable of the two, and that plaintiff's claim is a mere afterthought, without any basis to support it. While it is true that the trial court had the advantage of seeing the witnesses, nevertheless, where the record fails to disclose a single fact or circumstance from which corroboration of the plaintiff's testimony may be inferred, a judgment in plaintiff's favor should not be permitted to stand in the face of strong contradictory testimony. Plaintiff having failed to meet the burden (Syms v. Vyse, 2 N. Y. St. Rep. 106, 47 Hun, 633; Shelmire v. Williams & Clark Co., 68 Hun, 198, 22 N. Y. Supp. 847) imposed upon him, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.