CANDIA v. PESCIA.

(Supreme Court, Appellate Term.   December 23, 1909.)

NEW TRIAL (§ 68*)—GROUNDS—INSUFFICIENCY OF EVIDENCE.

Where, in an action for fraud, based on representations of defendant, who was president of a corporation, that the corporation owned certain real estate, the uncorroborated evidence of plaintiff as to defendant's misstatements was indefinite, and the testimony contradicting him was positive, justice required the granting of a new trial after judgment for plaintiff.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 135-140; Dec. Dig. § 68.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Alfonse Candia against Enrico V. Pescia.   From a judgment for plaintiff, rendered in a Municipal Court of the City of New York, defendant appeals.   Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Edward A. Isaacs, for appellant.

Bernard S. Deutsch, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GOFF, J. This is an appeal from a judgment in an action against defendant for fraud and deceit. Plaintiff entered into a contract with a corporation known as the "Arrochar Park Realty Company" for the purchase of a building lot. He paid $90 down and agreed to pay the balance in monthly installments of $10 until the whole sum of $900 should be paid. The company agreed to make conveyance by a full covenant and warranty deed, upon completion of his payments. After plaintiff had paid $300 in all, on account of the purchase price, he learned that his vendor did not own the property, and never had owned it, but was in possession under a contract of sale. That contract is not in evidence; but there is evidence of an admission that it was not a "proper" contract, and that defendant said to plaintiff, who offered to make the balance of his payments at once, "No use, the company has failed," and there is evidence that defendant said to plaintiff's lawyer that his company never would be able to convey title. This action is brought against defendant, who was president of the company and the person with whom plaintiff talked before signing his contract, on the theory that defendant fraudulently and falsely represented to plaintiff that the company had title and the plaintiff entered into his contract relying on that statement. It is not brought on the theory of a fraudulent scheme on the part of defendant and the company to defraud plaintiff by inducing him to make payments for land which defendant either then knew, or had good reason to believe, could or would never be conveyed to him by his contract vendor. The only evidence of any statement or representation, on defendant's part, that the company was the owner of this land, is that given by the plaintiff himself. After being asked to state his conversation with defendant, immediately before signing the contract, he gave his version as follows:

"A. I said: 'That company is all right?' He said: 'I don't know the company. I only know you.' And Mr. Pescia said: 'All right, if you don't want to buy the property. I am president of the company.' Q. He said to you he was president of the company? A. Yes. Q. And that the company owned the lot? A. Yes. Q. And you said you did not know the company, but knew him? A. 'I do not know the company, but I know you. I pay you every month.'"

The impression which this testimony leaves is that plaintiff and his counsel had different theories of the case; plaintiff believing that he should recover because he made a contract with defendant, and counsel on the ground that defendant had falsely represented the state of the title. There is no corroboration of plaintiff's assent to the suggestion that defendant said title was in the corporation. On the other hand, defendant flatly denied that he had made any such statement and, in corroboration, produced, as a witness, one of the company's agents, who had been instrumental in bringing plaintiff to the company's office, and who was present at the conversation. He had no recollection that there had been any allusion to title. Another witness produced by defendant, who had been, but was no longer, an officer of the company, testified that he overheard the conversation and was positive nothing had been said about title. Plaintiff's evidence of misstatements is so

attenuated, and testimony to the contrary so positive, that justice would be promoted by a new trial. Dormos v. Vassilas, 103 N. Y. Supp. 813.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.