MANN v. SPANGEHL.

(Supreme Court, Appellate Term, First Department. February 10, 1916.)

APPEAL AND ERROR ☞1011—REVIEW—FINDING.

    In an action tried to the court, a judgment for plaintiff will not be permitted to stand, in the face of strong contradictory testimony, where there are no facts or circumstances from which corroboration of plaintiff's testimony may be inferred, notwithstanding the trial court had the advantage of seeing the witnesses.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983-3989; Dec. Dig. ☞1011.]

    Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jesse Mann against Louis W. Spangehl. From a judgment for plaintiff, defendant appeals. Reversed.

Argued January term, 1916, before GUY, BIJUR, and GAVE-GAN, JJ.

Oscar Richter, of New York City, for appellant.

Jacob A. Segal, of New York City, for respondent.

GAVEGAN, J. The action is to recover the sum of $360, claimed by plaintiff to have been advanced by him at defendant's request and

paid by plaintiff to a third party, to whom it is alleged defendant was indebted. The action was tried before a judge without a jury, and the plaintiff and defendant were the only two witnesses called.

According to plaintiff's version of the testimony he called on defendant and requested him to pay one Rosenfeld, a friend of plaintiff, a sum of money which plaintiff claimed defendant owed Rosenfeld. Thereupon defendant told plaintiff that he was a little short, and that if plaintiff would advance the money he would repay plaintiff in a week or so. Plaintiff did pay the money to Rosenfeld, but when he demanded reimbursement defendant refused. Defendant, on the other hand, denied ever having had such a conversation, and denied furthur that he owed Rosenfeld any money whatsoever. He further testified that he made bets with plaintiff but never with Rosenfeld. This testimony was not contradicted by plaintiff.

There was no evidence that defendant owed Rosenfeld any money, except defendant's alleged admission, testified to by plaintiff. There was no intimation as to how said debt was contracted. Plaintiff asserted that he paid the money to Rosenfeld at the race track; whereas, in the bill of particulars filed by him, it was asserted that the money was paid to Rosenfeld at the Lafayette Baths. Plaintiff offered no corroboration of his having paid the money to Rosenfeld. Furthermore, Rosenfeld, to whom plaintiff claimed to have paid the money, was not called as a witness, nor was any explanation of his absence offered.

I am of the opinion that the evidence produced fell far short of establishing plaintiff's claim. Rosenfeld's testimony was quite material and necessary, in view of defendant's absolute denial of any indebtedness. "While it is true that the trial court had the advantage of seeing the witnesses, nevertheless, where the record fails to disclose a single fact or circumstance from which corroboration of the plaintiff's testimony may be inferred, a judgment in plaintiff's favor should not be permitted to stand in the face of strong contradictory testimony." Dormos v. Vassilas, 103 N. Y. Supp. 813.

Judgment reversed, as against the weight of evidence, and a new trial ordered, with $30 costs to appellant to abide the event.

BIJUR, J., concurs. GUY, J., dissents.