CARL FISCHER and Others, Respondents, *v.* MICHAEL GINZ-
BURG and LOUIS ORTLIEB, Appellants.

First Department, April 9, 1920.

**Landlord and tenant — suit to enjoin breach of covenant against subletting — waiver of covenant by landlord — covenant stricken out of tenant's copy of lease but retained in landlord's copy — when grantees of landlord charged with actual or constructive notice of waiver by grantor — when temporary injunction should not issue.**

Where a lease contained a provision forbidding the tenant from subletting the premises or any part thereof without the written consent of the landlord, but the tenant immediately did sublet portions of the building without the written consent of the landlord but with his actual consent and knowledge, and he received the rent and made no objection to the subletting, and on the first extension of the lease the prohibition against subletting was stricken out, but on a second renewal such provision was retained in the copy of the instrument in the possession of the landlord which was signed by the tenant without reading the same on the assurance of the agent that it contained no such restriction, the subsequent grantees of the landlord cannot maintain a suit to enjoin a violation of the provision against subletting where the same in fact was stricken out of the tenant's

copy of the renewal of the lease and the agent promised to have it stricken out of the landlord's duplicate copy.

A waiver of a covenant against assigning a lease eliminates the covenant forever, but a waiver of a breach of a covenant against subletting affords no warrant for future like breaches.

The acceptance of rent by a landlord may constitute a waiver of any prior violation of such covenant known to the landlord.

Although the recording of such sublease, which was only for two years, was not constructive notice to the landlord's grantees, they were in fact bound by knowledge obtained or by notice in any form or from any source and a subsequent acceptance of the rent waived a breach of the covenant.

On the evidence *held, further,* that the plaintiffs, as grantees of the landlord, if not chargeable with actual notice that the premises had been sublet, were put upon inquiry as to the authority of the tenant to sublet and that if they had inquired of the tenant they would have discovered that the clause in question had been stricken out of the tenant's copy of the lease and that he was free to sublet.

Under the circumstances the lease could be reformed to strike out the covenant against subletting at the suit of the tenant.

In any event a temporary injunction restraining the tenant from subletting pending the suit for a permanent injunction should not issue for the rights of the parties may be determined and enforced by the final determination.

Appeal by the defendants, Michael Ginzburg and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of December, 1919, enjoining, during the pendency of the action, an alleged violation of the provisions with respect to subletting contained in a lease to defendant Ginzburg of premises known as 60 Cooper Square.

*Samuel I. Frankenstein,* for the appellant Michael Ginzburg.

*Walter S. Dryfoos* of counsel [*M. J. Stroock* with him on the brief; *Stroock & Stroock,* attorneys], for the respondents.

Laughlin, J.:

On the 22d day of March, 1919, the New York Life Insurance and Trust Company, as trustee, plaintiffs' predecessor in title, owned the premises and by an instrument in writing and under seal leased them to the defendant Ginzburg for the term of three years from May first thereafter. The lease was executed in duplicate and contained in a printed clause

an agreement on the part of the tenant not to assign or sublet the premises or any part thereof, or to make any alteration in the building, or to use it for any business or purpose deemed extra hazardous without the written consent of the landlord; and in case of a violation of the agreement by the tenant, he was to become liable for the damages and the landlord was to have the option to declare the lease void and to regain possession as if for the non-payment of rent, or to take other proceedings to recover possession. On the 8th of October, 1919, the landlord conveyed the premises to the plaintiffs and on the twentieth of the same month assigned the lease to them. After the lease was made, but before it was assigned or the premises were conveyed to the plaintiffs, the tenant on the 15th of September, 1919, sublet part of the premises to the defendant Ortlieb for the term of two years commencing on May 1, 1920. This action was commenced on or after October 31, 1919, to enjoin the consummation of the sublease on the ground that it was made without the written consent of the landlord; and the temporary injunction order was granted on the 5th of December, 1919.

There is and has been during all the times to which reference will be made, a four-story building and basement on the premises arranged and divided for the separate accommodation for business purposes of five tenants. The plaintiffs' predecessor in title first leased the premises to the defendant Ginzburg in 1907 for a term of years by a printed form of lease used by its agents with a like clause against assigning and subletting. The tenant with the knowledge and consent of his landlord and its agent, but without the written consent of the landlord, immediately sublet different parts of the premises to five separate tenants who placed their business signs in the hall within the building and also on the outside of the building in front. The agent of the landlord visited the premises from time to time and was fully aware of such subletting and no objection thereto was made to the tenant who at no time personally occupied any part of the premises. An extension of that lease was negotiated by the tenant and the agents of the landlord and at the expiration of the extension a new lease was executed with the printed clause prohibiting assigning or subletting without the written con-

sent of the landlord stricken out. Both the landlord and its agent then knew that the premises were occupied exclusively by subtenants of the tenant. As that lease was expiring, one of the agents of the landlord solicited a renewal thereof and the lease in question was negotiated. It was prepared in duplicate, using like printed blanks and was signed by the tenant without reading it or knowing that it contained and retained the provisions prohibiting him from assigning or subletting without the written consent of the landlord; and he so signed it on the assurance of the agent for the landlord that it contained no provisions or conditions other than those in the lease then about to expire and from which those provisions had been stricken. The fact that the premises were then occupied under subleases from the tenant and that the tenant intended to continue to sublet them was at that time the subject of conversation between the tenant and the agent, and no objection was made thereto. The tenant did not examine his duplicate of the lease or discover that it contained the clause on which the injunction order is predicated until the month of September, 1919, when he was about to sublet to Ortlieb part of the premises then occupied by others as subtenants. On discovering that the printed clause had not been, as in the former case, stricken out, the tenant called on the agent and was informed by him that it had been left in through an oversight and was shown the prior lease and how those provisions had been stricken out of the former lease by red ink lines, and thereupon by direction of the agent those provisions were likewise stricken from the tenant's duplicate of the lease of March 22, 1919, and the agent promised to have them stricken from the landlord's duplicate, and relying thereon the tenant executed the lease to Ortlieb on the fifteenth of September and Ortlieb had it recorded within a few days thereafter and before plaintiffs purchased the premises. The tenant in his affidavit charges the plaintiffs with constructive notice of the lease to Ortlieb and with actual notice that the premises were occupied under subleases.

The agent failed to strike the clause from the landlord's duplicate of the lease before it was assigned to plaintiffs. The learned counsel for the appellants contends that the

plaintiffs in taking title and the assignment of the lease were chargeable with notice or knowledge of the fact that the premises were not then occupied by the defendant Ginzburg and were exclusively occupied by his subtenants; and that they had actual notice thereof through the plaintiff Carl Fischer, who from the time the premises were first rented to Ginzburg, in 1907, was engaged in business next door at Nos. 48–54 Cooper Square and thereby must have seen and known how the premises had been and were occupied and that Ginzburg did not personally occupy any part of them. The defendants pleaded these facts and presented proof thereof by affidavit, which stands uncontroverted, in opposition to the motion. He also prays in his answer that if necessary the landlord's duplicate of the lease be reformed by striking out the clause which has been so stricken out of his duplicate. He also shows by affidavit that on October 15, 1919, he was notified by the plaintiff Carl Fischer by messenger of the change of ownership and that the rent should be paid to him, and that pursuant thereto he next day paid the rent due for the month of October according to the lease to said Fischer and received a receipt therefor as for such rent. He asserts in his affidavit that Fischer received and accepted the rent with full knowledge that the premises were occupied by five subtenants; but evidently that charge is predicated on other facts stated for he does not otherwise show how Fischer acquired such knowledge.

It is well-settled law that a waiver of a covenant against assigning a lease eliminates the covenant forever (McAdam Landl. & Ten. [3d ed.] §§ 238, 241; *Storms* v. *Manhattan R. Co.,* 77 App. Div. 98; *Conger* v. *Duryee,* 90 N. Y. 598; *Dakin* v. *Williams,* 17 Wend. 447), but that a waiver of a breach of a covenant against subletting affords no warrant for future like breaches. (*Conger* v. *Duryee, supra; Bleecker* v. *Smith,* 13 Wend. 530; Taylor Landl. & Ten. [9th ed.] § 501.) Under that rule the acceptance of the rent would constitute a waiver of any prior violation of the covenant against subletting known to the landlord. It would constitute a waiver of the violation in subletting to the appellant Ortlieb, although he was not then in possession, if the making of the lease to him was known to the plaintiffs or to the plaintiff Carl Fischer,

who represented them, when the rent was accepted. It is argued that inasmuch as it was unnecessary to record the sublease to Ortlieb which was only for two years and, therefore, did not constitute a conveyance within the Recording Act (Real Prop. Law, §§ 290, 291), the record thereof was not constructive notice thereof to the plaintiffs. (*Washburn* v. *Burnham*, 63 N. Y. 132.) Although the plaintiffs were not bound to search the records for such a sublease, it does not appear that they did not and it is not improbable that they did have notice of the record of the lease. If they obtained knowledge or notice in any form or from any source and then accepted the rent, they thereby waived the breach. I am also of opinion that a *prima facie* defense is presented by the tenant on the theory that the lease consisted of the two duplicates (*Martin* v. *Martin*, 1 Misc. Rep. 181; 1 McAdam Landl. & Ten. [4th ed.] 147), and that the plaintiffs were chargeable with constructive if not actual notice that the premises were exclusively occupied by subtenants of the defendant and thereby were put upon inquiry with respect to the authority of the tenant so to sublet, and if they had inquired of him they would have discovered that the clause in question had been stricken out of the tenant's duplicate and that the tenant was free to sublet. It is a reasonable inference that the agents of the landlord were its general agents clothed with sufficient authority to correct such errors in making leases; but if they were not so authorized then as against his former landlord, it is quite clear that the tenant would be entitled to have the lease reformed as prayed for. It is equally clear that if the plaintiffs were put upon inquiry, as I think they were, the lease, if necessary, may be reformed as against them; and, therefore, it is unnecessary now to express an opinion as to whether if plaintiffs were *bona fide* purchasers without notice, they nevertheless took title subject to the equities between the tenant and their grantor. The plaintiffs, so far as now appears, took title without making any inquiry of the tenant by which he can be deemed estopped from claiming that the landlord's duplicate, which the plaintiffs received, does not embody the true agreements and they are chargeable with notice of a course of conduct on the part of the tenant inconsistent therewith and showing an assertion and exercise of a claim

of right on his part to sublet. Moreover, no possible harm can befall the plaintiffs by requiring them to await the trial of the issues for the determination and enforcement of their rights, if any, in the premises. The issues could have been reached and tried before the appellant Ortlieb was to be given possession. The injunction order, therefore, was not only unauthorized but there was no necessity therefor and it is manifest that it was sought for an ulterior purpose.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Clarke, P. J., Dowling and Merrell, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.