SISSON REALTY CORPORATION, Plaintiff, *v.* GEORGE B. MATHEWS and Another, Defendants.

Supreme Court, St. Lawrence County, March 29, 1928.

Landlord and tenant — lease — lease given defendant for ten years contained provision permitting subleasing with consent and right to renew " for a period of ten years "— defendant subsequently sublet on same terms and conditions as in his lease — prior to termination of term defendant notified plaintiff of desire to renew lease for further period of ten years — subtenant also notified tenant of his desire to renew sublease for ten years — plaintiff refused to renew and defendant and subtenant have continued in possession and tendered rent — giving of notice effected renewal for new term without new lease — defendant's right to renew did not include right to sublet — right to sublet expired at end of first term — plaintiff's right of action herein accrued on defendant's failure to obtain consent for sublease — rights between tenant and subtenant cannot be determined under pleadings.

This is an action in ejectment involving the construction of a lease given defendant for a period of ten years from October 1, 1917, and containing provisions

permitting defendant to sublet the premises and to renew " this lease for a period of ten years." Defendant sublet the premises to a third party under a lease containing the same conditions as his lease except as to the amount of rental. Thereafter plaintiff became the owner of the property. In August, 1927, defendant notified plaintiff of his desire to renew the lease for a further period of ten years and in the same month defendant's subtenant notified him of his desire to renew the sublease for ten years. Plaintiff refused to renew the lease on the ground that the terms thereof had been violated and, though it demanded possession of the premises, defendant and his subtenant continued in possession thereof and have tendered rent therefor.

The lease must be construed as giving defendant the benefit of a renewal for ten years upon the same terms and conditions as the original lease and the giving of a notice to the plaintiff by the defendant created the new term without a new lease.

However, the right of extension to which defendant became entitled, after service of the notice, was for his own benefit without any right to sublet or assign except with the consent of the lessor, since a consent to sublease by lessor's predecessor in title does not eliminate a covenant against subletting so as to prevent the lessor from declaring a forfeiture by reason of a subsequent sublease.

Accordingly, the right to sublet cannot be construed as being for a longer term than ten years and it expired October 1, 1927; so that when defendant gave to plaintiff his notice in August of his desire to extend his lease it became necessary for defendant to obtain the consent of the plaintiff if he desired to continue his subtenant after the expiration of the sublease. But having failed to obtain the necessary consent defendant violated the terms of his contract and plaintiff's right of action then accrued.

Under the pleadings, the rights between the tenant and subtenant cannot be determined in this action.

ACTION in ejectment involving construction of lease.

*Frank L. Cubley,* for the plaintiff.

*George H. Bowers,* for the defendant George B. Mathews.

*George W. Fuller,* for the defendant Elmer J. Murphy.

CRAPSER, J. On August 7, 1917, George W. Barnett, the then owner of the Albion House property, executed a lease in writing to the defendant Mathews for the store on the northeast corner of the said property for a period of ten years from October 1, 1917, for an annual rental of $475, to be paid in equal monthly installments in advance. The store was to be used as a sales room only and the lessor was to furnish heat. The lease contained a prohibition against subletting or the assignment of the lease without the writtenn consent of the lessor.

About the time the lease was made there was added to it, below the signature, this clause: " Permission is hereby granted to George B. Mathews to sub-let the store described in the above lease," which was signed by the lessor.

Matthews went into occupation under the lease and on the 13th day of April, 1922, executed a lease to Elmer J. Murphy & Co.,

containing the same conditions as his lease from Barnett except that the rent reserved to Mathews was $600 a year to be paid in equal monthly installments and except that Mathews reserved the right of exhibiting cars for sale in said store but in case he did not exhibit the cars an additional rent of $15 a month was to be paid.

After the making of the Mathews lease Barnett sold and conveyed the property to the Hackett Hardware Company and the Hackett Hardware Company sold and conveyed the property to the plaintiff herein.

The treasurer of the plaintiff testified that he had never seen the lease executed between Mathews and Murphy until the day of the trial.

Both the Mathews lease and the Murphy lease contain this clause: " Second party also reserves the right of renewing this lease for a period of ten years."

On or about August 20, 1927, Mathews caused notice to be served upon the plaintiff of his desire to renew the lease for a further period of ten years and on the eighteenth day of August Murphy caused notice to be served upon Mathews of his desire to renew his sublease for ten years. On August 22, 1927, the plaintiff served a notice upon the defendant Mathews setting forth that there was no enforcible renewal clause in the original lease and that it was not legally renewable and that the terms of the lease had been violated and demanding possession of the premises on October 1, 1927. Both Murphy and Mathews have continued in possession under their alleged leases. Mathews has tendered the money to the plaintiff which has been refused and he has deposited the same in the Peoples Bank to be withdrawn at the pleasure of the plaintiff. Murphy has paid his rent to Mathews regularly since October 1, 1927.

It becomes necessary to construe the following clause in the lease: " Said second party [meaning Mathews] reserves the right of renewing this lease for a period of ten years." As I look upon this proposition the pertinent and cardinal questions to be asked are: What is the meaning of the clause in question? And why was it thus put in the agreement under consideration? If it does not mean that Mathews was to have the option of a renewal of the lease for ten years upon the same terms and conditions what does it mean and why was such a clause put into the lease at all? If it is to be given the construction claimed by the plaintiff then the phraseology is absolutely meaningless.

Taking into consideration the relationship of the original parties to the lease, the fact that Mathews was to make certain repairs, and applying the well-known canons of construction to contracts

of this nature, it cannot help but be held that the tenant is given the benefit of a renewal of this lease for ten years upon the same terms and conditions. Any other construction would be repugnant to common sense.

I cannot find any other lease with the precise phraseology of this lease; more apt language might have been used, but the intention of the parties is clear and must prevail. That construction should be given to the instrument which gives life and vitality as far as possible to each and every provision thereof; and the legal presumption goes further in holding that no provision is uselessly inserted in a contract, and so far as renewal provisions in leases are concerned, whether they provide for " privileges," " options," " refusal," or " notice," or " desire " to renew, the giving of notice that the tenant desired to avail himself obligates the landlord and the lease thereby becomes extended.

The general rule for the construction of leases is that they must be construed most favorably for the lessee and especially is this the case when the clause to be construed is claimed to be one destroying or defeating the estate of the lessee. (*Moskowitz* v. *Diringen*, 48 Misc. 543; *Bank of Montreal* v. *Recknagel*, 109 N. Y. 482; *Moran* v. *Standard Oil Co.*, 211 id. 187; *Tracy* v. *Albany Exchange Co.*, 7 id. 472; *Orr* v. *Doubleday, Page & Co.*, 223 id. 334, 341; *Bamman* v. *Binzen*, 65 Hun, 39.)

The notice served by Mathews was all that he was required to do to effect the renewal of the lease for ten years. The giving of the notice to the plaintiff by Mathews created the new term without a new lease by the lessor. (*Hausauer* v. *Dahlman*, 72 Hun, 607.)

It is also true that the notice served by Murphy on Mathews created a new term without requiring the execution of a new lease by Mathews.

On the 7th day of August, 1917, at the time of the execution of the lease between Barnett and Mathews, Barnett gave Mathews the right to sublet the store as described in that lease. That cannot be construed as being for longer than the term of that lease and it expired October 1, 1927, because that was then the contract between the parties. When Mathews gave to the plaintiff his notice in August, 1927, of his desire to extend his lease, it was necessary for him to get the consent of the plaintiff if he desired to continue Murphy as his tenant after October 1, 1927. Mathews in his lease to Murphy incorporated the same kind of a renewal clause that was contained in his lease from Barnett. He could have made his lease with Murphy dependent upon his ability to get an extension of his right to sublet from the plaintiff; this he did not do and, therefore, he finds himself in a position where Murphy has

given him the necessary notice to continue his lease for the further period of ten years from October 1, 1927, and where it is necessary for him to have the written consent of the plaintiff if Murphy is permitted to do so.

A consent to sublease by lessor's predecessor in title does not eliminate a covenant against subletting so as to prevent the lessor from declaring a forfeiture by reason of a subsequent sublease. (*Fay* v. *Klots*, 199 N. Y. Supp. 49; *Fischer* v. *Ginzburg*, 191 App. Div. 418.)

Mathews' notice served on the plaintiff August 20, 1927, of his election to renew the lease for a ten-year period created a new term without the execution of a new lease by the lessor. Of course the right of extension to which he became entitled after the service of notice was for his own benefit without any right to sublet or assign except with the consent of the lessor. (*Leibowitz* v. *Bickford's Lunch System*, 241 N. Y. 489.)

Mathews failing to get consent after October 1, 1927, to continue his sublease with Murphy violated the terms of his contract and gave to the plaintiff a right of action. It is uncontradicted in this case that Murphy has paid to Mathews since the 1st of October, 1927, rent each month, in all six months' rent. This makes Murphy a subtenant of said premises under the notice served on Mathews and violates the terms of the lease which Mathews has with the plaintiff by which it is provided that the premises shall not be sublet without the written consent of the lessor and entitles the plaintiff to maintain this action and to a judgment in his favor under the third cause of action set forth in his complaint.

During the trial it was stated by the counsel for both of the defendants that they desired the court to decide the rights between the defendants. It is my opinion that this is impossible as the pleadings are now framed.

Submit decision and findings accordingly.