In the Matter of the Claim of JOHN ZIMMERMAN, Respondent, against JOHN B. BARNES and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board. Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT MAZULASKAS and Another, Appellants.— Judgment of conviction unanimously affirmed. Present — Van Kirk, P. J., Hinman, Whitmyer, Hill and Hasbrouck, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISADORE LANCER, Appellant.— Judgment of conviction and orders unanimously affirmed. Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. SANTA CLARA LUMBER COMPANY, Respondent.— Judgment unanimously affirmed, with costs. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hasbrouck, JJ.

EVA M. ROOT, as Surviving Administratrix, etc., of FLOYD ROOT, Deceased, Respondent, v. THE DELAWARE AND HUDSON COMPANY, Appellant.— Judgment and order reversed, on the law and facts, and new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of the evidence as to the negligence of the defendant and the contributory negligence of the plaintiff's intestate. Van Kirk, P. J., Hinman and Hasbrouck, JJ., concur; Davis and Whitmyer, JJ., dissent.

HERBERT J. ROUSE, Respondent, v. BRYAN H. HANDY, Appellant.— Judgment and order unanimously affirmed, with costs. Present — Van Kirk, P. J., Hinman, Whitmyer, Hill and Hasbrouck, JJ.

HARVEY E. REESE and Another, Appellants, v. AUSTIN HOGAN, Respondent.— Judgment and order unanimously affirmed, with costs. Present — Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ.

SISSON REALTY CORPORATION, Respondent, v. GEORGE B. MATHEWS, Appellant, and Another.*— Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs, on the ground that the lease was renewed by the giving of the notice of renewal by the defendant Matthews, and defendant Matthews is entitled to possession of the premises. (*Fischer* v. *Ginzburg*, 191 App. Div. 418, 422; *Storms* v. *Manhattan R. Co.*, 77 id. 94, 98; affd., 178 N. Y. 493; 35 C. J. 1037, § 178; *Masset* v. *Ruh*, 235 N. Y. 462.) Van Kirk, P. J., Hinman and Hill, JJ., concur; Davis and Whitmyer, JJ., dissent and vote for affirmance on the ground that it does not appear that it was the intention of the parties that the permission to sublet, indorsed on the lease, should operate as a modification thereof and extend to a renewal. (*Miller* v. *Newton-Humphreville Co.*, 116 Atl. [N. J.] 325; *Fischer* v. *Ginzburg*, 191 App. Div. 418; *Fay* v. *Klots*, 199 N. Y. Supp. 49, 50.) The court disapproves finding of fact numbered eighth, and the first provision of finding numbered seventh as follows: " That both defendants Mathews and Murphy have held over and continued in possession of said premises since October 1, 1927, without legal right or authority." [131 Misc. 714.]

JOSEPH F. SWARTZ, Respondent, v. CHARLES WEED, Appellant, and Another.— Judgment and order unanimously affirmed, with costs. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

* Affd., 250 N. Y. 626.