ERNEST B. MORRIS and Others, Appellants, *v.* JOHN W. GARDNER, Respondent.

Third Department, November 1, 1939.

*Woollard & Morris* [*Ernest B. Morris* of counsel], for the appellants.

*H. E. Blodgett* [*Howard Murrin* with him on the brief], for the respondent.

HILL, P. J.  I favor a reversal.  The trial court has dismissed plaintiffs' complaint on a motion made at the opening of the trial upon the ground that it does not state a cause of action.  It asks relief that plaintiffs be given possession of premises, and damages for the withholding thereof after the termination of a lease, the damages arising because of plaintiffs' inability to give possession of the premises to a purchaser.

The term for which the lease was to continue and the rental reserved appear in the written agreement: " for the term of five (5) years to commence on the 1st day of October, 1933, and to end on the 1st day of October, 1938.  And the said party of the second part hereby covenants and agrees to pay unto the said party of the first part the annual rent or sum of Six Thousand ($6,000) Dollars payable Five Hundred ($500.) Dollars, in advance on the 1st day of each and every month."  Concerning the term of five years so granted the contract provides: " The landlord cannot sell the demised premises except it is subject to this lease."  Defendant went into possession September 15, 1933, his term ended September 30, 1938, and under the facts pleaded plaintiffs were then entitled to possession.

The contract provided concerning a continuance or renewal of the lease beyond the five years: " The tenant has a right to renew for five years provided he gives a notice in writing a year before the expiration of the present term of five years, unless the landlord sells the property, but the landlord before doing so shall give the tenant thirty days' notice of his right to purchase at the price offered

by the proposed purchaser. This last provision, of course, applies to the second term and not the first term of the lease."

It is pleaded that on July 1, 1935, the defendant wrote the then owners as follows: " Please accept this letter as a notification this I wish too and will exercise my option for the second term of my lease on the Colony Theatre building, 1330 State Street, Schenectady, N. Y. I would appreciate it very much if you will confirm same soon by mail." The tenant obtained no additional rights by writing the above more than two years before he was required so to do under the terms of the agreement. Under the agreement pleaded in the complaint he could only extend the lease beyond its original term in the event that the landlord did not sell the property after giving him an opportunity to purchase at the price offered by a proposed purchaser. The complaint pleads that the plaintiffs contracted to sell the premises for a sum set forth in the contract of sale with possession to be given on October 1, 1938, the day following the termination of defendant's lease, and on August 16, 1938, gave notice to defendant thereof and annexed a copy of the contract of sale. The letter gave to defendant, in accordance with the provisions of the agreement, an opportunity and right to purchase the premises at the purchase price mentioned in the contract of sale. It concluded with this paragraph: " In the event of your failure to exercise such right of purchase the above described lease will end and determine on October 1, 1938." Upon defendant's failure to exercise the option to purchase, plaintiffs became entitled to the possession of the property, and the complaint pleading the foregoing stated a good and sufficient cause of action.

The judgment should be reversed on the law, with costs.

BLISS and FOSTER, JJ., concur; CRAPSER, J., dissents, with an opinion in which SCHENCK, J., concurs.

CRAPSER, J. (dissenting). This action was brought to recover possession of the real property known as the Colony Theatre, located in the city of Schenectady, and for damages alleged to have been sustained by reason of the defendant's continued possession of the said premises.

The action is based on a lease entered into on the 15th day of September, 1933, between John W. Morris, the then owner of the property, as lessor, and John W. Gardner, as lessee.

The lease was for five years commencing on the 1st day of October, 1933, and ending on the 1st day of October, 1938. The annual rent was $6,000, payable monthly in advance. The tenant was to pay the water rents and to make all necessary repairs. On the front of the lease it was provided as follows: " The landlord

cannot sell the demised premises except it is subject to this lease."
On the back of the lease there was this clause: " The tenant has a
right to renew for five years provided he gives a notice in writing a
year before the expiration of the present term of five years, unless the
landlord sells the property, but the landlord before doing so shall give
the tenant thirty days' notice of his right to purchase at the price
offered by the proposed purchaser. This last provision, of course,
applies to the second term and not the first term of the lease."

On December 1, 1933, John W. Morris conveyed the property
in question to William E. Woollard by a deed which was duly
recorded, and subsequently and on March 19, 1937, William E.
Woollard and wife conveyed the property to the plaintiffs herein
by a deed which was duly recorded.

The lessee entered into possession of the property and on October
1, 1938, he was still in possession. On the 1st day of July, 1935,
John W. Gardner, the lessee, exercised his right to renew the said
lease for a term of five years subject to the stipulation and terms
of the original lease and sent Mr. Woollard, the then owner, the
following letter:

> " Colony Theatre
> 1330 State Street,
> Schenectady, N. Y.
> *July* 1, 1935.

Mr. WM. WOOLLARD
91 State street,
Albany, N. Y.
Dear Mr. WOOLLARD:—

" Please accept this letter as a notification this I wish too and will
exercise my option for the second term of my lease on the Colony
Theatre Building, 1330 State Street, Schenectady, N. Y.

" I would appreciate it very much if you will confirm same soon
by mail.

> " Truly yours,
> " JOHN GARDNER."

On the 16th of August, 1938, the plaintiffs mailed to the defendant
the following letter.

> " *August* 16th, 1938.

Mr. JOHN W. GARDNER,
Colony Theatre,
1330 State Street,
Schenectady, New York.
Dear Mr. GARDNER:—

" We hereby give you the thirty (30) days' notice provided in the
lease of premises 1330 State Street, Schenectady, New York, bear-

ing date September 15th, 1933, between John W. Morris, as Landlord, and John W. Gardner, as Tenant, of your right to purchase the said premises at the purchase price mentioned in the enclosed contract of sale dated August 16th, 1938, between Ernest B. Morris, Elizabeth W. Morris and Alice H. W. Williamson, as Vendors, and Michael D. Reilly, as Vendee.

" You are hereby advised of your right to purchase the said premises and property at the purchase price stipulated in this contract.

" In the event of your failure to exercise such right of purchase the above described lease will end and determine on October 1st, 1938.

" Very truly yours,
" ERNEST B. MORRIS
" ELIZABETH W. MORRIS and
" ALICE H. W. WILLIAMSON
" By ERNEST B. MORRIS,
" Their Attorney in Fact."

The defendant herein did not vacate the premises on October 1, 1938, but continues to occupy the same and the plaintiffs brought this action for the recovery of the premises and property covered by the lease and for damages for their withholding.

The lease is made a part of the complaint, Schedule A, and the agreement between the plaintiffs and Reilly is also made a part of the complaint. That agreement provides that the vendors contract to sell to the vendee the premises and property covered by this lease, for the price of $60,000; $500 in cash and the balance upon the delivery of the deed and the placing of the vendee in possession of the property. The date of transfer was to be October first.

That contract also contained the following clauses:

" This contract of sale is subject to a lease of the premises, contracted to be sold, bearing date September 15, 1933, made by John W. Morris to John W. Gardner, and to the right of the said lessee, John W. Gardner, conferred in said lease, to purchase the premises at the purchase price mentioned in this contract of sale.

" The vendors covenant to give immediately to the said John W. Gardner the thirty days' notice stipulated in said lease, advising him of his right to purchase the said premises and property, at the purchase price stipulated in this contract, and advising him that in the event of his failure to exercise such right of purchase, his lease will end, and determine, at the end of the thirty days specified in said notice.

" The vendors further covenant that if the said John W. Gardner does not exercise his right to purchase they will deliver possession of the said premises and property to the said vendor, free and clear of said lease, on the 1st day of October, 1938, and that if for any reason they are unable to do so, then this contract shall be void and the deposit made hereunder shall be returned to the vendee."

There is practically no dispute about the facts in this case except that the defendant claims that the notice of the contract to Reilly was not given in accordance with the terms of the lease.

The trial was started before Mr. Justice LAWRENCE without a jury. At the end of the opening by the plaintiffs, which was taken upon the record, the defendant moved upon the complaint and the exhibits attached thereto for a dismissal on the ground that the complaint did not state a cause of action either in ejectment or any other action by which or under which the now owners of the property, the plaintiffs, would be entitled to possession of the demised premises.

On a motion to dismiss for insufficiency every fair inference and intendment is in favor of the pleadings and the allegations of the complaint must be deemed true.

The notice given by Gardner, the lessee, to Woollard, the then owner, on July 1, 1935, exercising his option to renew his lease for another five years, effected the renewal of the lease and entitled the tenant to possession for such further period according to the terms of the lease. (*Sisson Realty Corporation* v. *Mathews,* 131 Misc. 714; revd., 225 App. Div. 716; affd., 250 N. Y. 626.),

The lease on its face provided for a term of five years and it further provided, " The landlord cannot sell the demised premises except it is subject to this lease."

The premises were sold twice during the first term and both the plaintiffs herein and the lessee evidently construed that language to mean exactly what it said.

The clause on the back of the lease, giving the tenant the right to renew, was carried out. The clause, " unless the landlord sells the property, but the landlord before doing so shall give the tenant thirty days' notice of his right to purchase at the price offered by the proposed purchaser. This last provision, of course, applies to the second term and not the first term of the lease." There is nothing ambiguous in this. For the first five years under the lease in question the property could only be sold subject to the lease. The tenant's lease was renewed before any notice of sale was given.

The attempted notice of sale was prematurely given during the first five years of the lease and if it had any application at all it applies only to the second five years of the lease.

There was nothing in the lease by which it became terminated if the lessee refused to purchase at the price that the owner had been offered by some one else.

There was no provision in the lease by which the lessee in the event he failed to exercise his option to buy would forfeit his lease as a penalty; he was merely given an option to buy. No penalty· or forfeiture was provided in the event that the tenant failed to exercise that option. Penalties and forfeitures are not favored, and in order to be enforced they must be clear and concise. (*Matter of Gaffers*, 254 App. Div. 448.)

Failure of any clause relating to forfeiture as a penalty for not exercising the right to purchase by the defendant is absent from the lease and, therefore, the complaint does not state a cause of action. The plaintiffs were not entitled to possession of the property under the lease admitting all of the facts set forth in their complaint.

The contract between the plaintiffs and Reilly provided that if for any reason the plaintiffs should be unable to deliver the property the contract should be void and the deposit made thereunder should be returned.

Section 82 of the Personal Property Law provides:

" 1. A contract to sell goods is a contract whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price.

" 2. A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price."

*Halsted* v. *Globe Indemnity Company* (258 N. Y. 176) holds that this applies to real property as well as to personal property.

The contract between the plaintiffs and Reilly was at best a conditional contract and was not a sale.

The judgment appealed from should be affirmed, with costs.

SCHENCK, J., concurs.

Judgment reversed, on the law, with costs.