JONATHAN S. WILLOUGHBY

*vs.*

ATKINSON FURNISHING COMPANY.

Knox.     Opinion August 22, 1899.

*Practice. Amendment. Lease. Damages. R. S., c. 82, § 10; c. 94, §§ 2, 10.*

Courts are liberal in the allowance of amendments, and by the statute, R. S., c. 82, § 10, mere defects in form and circumstantial errors and mistakes may be amended. But this statute does not permit of an amendment which will add a new or different cause of action, and this court has in numerous cases held that such amendments are not allowable.

*Held;* that as the amendment offered in this case would introduce new and additional causes of action, they cannot be allowed.

A lease to the defendant for a term of three years contained this clause, " with the privilege, at the end of said term, of re-leasing for a term of ten years or any part thereof at the same yearly rental." Upon the last day of the original term the tenant gave to the landlord the following written notice: "In accordance with the option contained in our lease of the Willoughby Block, we desire to notify you that we will re-lease the said Block for the space of three months from the expiration of the lease." *Held;* that the clause quoted from the lease should be construed as a present demise to take effect in the future at the option of the lessee; and that the notice given by the tenant to the landlord, accompanied by a continuation of possession, was sufficient, without other act, to continue the tenancy under the lease for the period named in the notice.

*Also;* that the tenancy under the lease having terminated on December 1, 1896, upon which day the defendant company vacated the premises and tendered the keys to the plaintiff, the defendant is not liable for any rent subsequent to that day.

A lease contained the usual covenant upon the part of the lessee to quit and deliver up the premises to the lessor at the expiration of the term, "in as good order and condition, reasonable use and wearing thereof, or inevitable accident, excepted, as the same are or may be put into by the said lessor, and not make or suffer any waste thereof." It also contained this provision, "with the privilege of removing whatever partition said company may desire to remove during their term of occupancy, provided said company replace said partition in as good condition as they find them."

The property leased was a brick building of three stories and an attic, when the lessee took possession; it consisted of two stores upon the ground floor, offices on the second floor and halls with anterooms upon the third and attic floors. For the purpose of using the whole building as one store, the lessee took down partitions, changed the locations of stairways and made numerous other alterations.

In an action under R. S., c. 94, § 10, to recover damages, among other things, for the defendant's failure to comply with the terms of its covenants to restore the building to the same condition as when rented, *held;* that the measure of damages is the cost of doing what the defendant covenanted to do but did not do,—the cost of replacing the partitions and restoring the building to the same condition, so far as these voluntary alterations are concerned, as it was in when leased.

The court does not decide whether the plaintiff would have been entitled, if he had sued for it, to have included in his recoverable damages a reasonable sum for the loss of the use of the premises during the time necessary to restore the building to its former condition, because this claim is not specified in the account which the statute requires to be annexed to the writ.

The plaintiff also sought to recover in the same action the expense incurred by him in placing an elevator in the building and in removing the same. *Held;* that the case does not disclose any contractual or other liability, upon the part of the defendant, to reimburse the plaintiff for such expense.

ON REPORT.

This was an action of assumpsit upon an account annexed, brought under R. S., c. 94, § 10, to recover certain rents claimed to be due under a written lease; and also for damages done to the plaintiff's premises during their occupancy by the defendant.

The facts appear in the opinion.

*D. N. Mortland and M. A. Johnson,* for plaintiff.

*C. E. and A. S. Littlefield,* for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ. FOGLER, J., having been of counsel, did not sit.

WISWELL, J.   Action of assumpsit under R. S., c. 94, § 10, to recover rent and damages to the premises rented.

I.   The action is upon an account annexed in which, among others, there is an item of rent for three months from December 1, 1896, to February 28, 1897, $490.64 and an item for damages to the premises, and for failure to comply with the terms of a written lease by restoring the building to the same condition as when rented, of $2094.57.   Before the commencement of the trial the plaintiff moved to amend his declaration by so changing the item for rent that it would read from December 1, 1896, to May 31st, 1897, $980.33, and by adding to the item for the cost of restoring the premises to the condition in which they were when leased, the sum of $600.

The report of the case contains a stipulation that the court shall pass upon the question as to whether these amendments are allowable.   We think that they are clearly not.   Courts are liberal in the allowance of amendments, and by the statute, R. S., c. 82, § 10, mere defects in form and circumstantial errors and mistakes may be amended.   But this statute does not permit of an amendment which will add a new or different cause of action, and this court has in numerous cases held that such amendments are not allowable.   That is exactly what is desired in this case.   The plaintiff sues to recover a quarter's rent ending February 28, the amendment proposed would allow him to recover another quarter's rent ending May 31st, an entirely new cause of action, and therefore can not be allowed.   This is also true as to the other amendment offered.   The statute allowing the maintenance of this action requires that the account annexed to the writ should specify "the items and amount claimed."   There is such a specification of items in this case, in which are enumerated the several sums expended and estimated for the purpose of restoring this building to its condition when rented, the aggregate of which items is exactly the

amount claimed under this branch of the case. To increase that amount would be to add a new sum for an item not originally specified nor sued. It would consequently add a new cause of action and is consequently not allowable.

II. As to the claim for rent. On August 15, 1893, the defendant took a written lease of the premises for the term of three years from September 1, 1893, "with the privilege, at the end of said term, of re-leasing for a term of ten years or any part thereof at the same yearly rental." This term expired September 1, 1896. But the defendant company continued to occupy the premises until December 1, following, at which time it vacated them and tendered the keys to the plaintiff who refused to accept them, or to take possession of the building. The stipulated rent was paid to December 1. Whether or not the defendant is liable for any rent after that date depends upon the nature of the tenancy subsequent to the expiration of the term of the lease. If the defendant was a tenant at will, then by statute, R. S., c. 94, § 2, the tenancy could only be terminated by mutual consent or by thirty days' notice in writing given for that purpose.

But, during the original term, upon August 31st, 1896, the defendant gave written notice to the plaintiff as follows:—"In accordance with the option contained in our lease of the "Willoughby Block," we desire to notify you that we will re-lease the said Block for the space of three months from the expiration of the lease." It is claimed that this was a re-leasing; that thereby the lease was extended for three months and that the term expired, without further notice or other act, upon December 1st, the day upon which the defendant vacated the store, tendered the keys to the plaintiff, and up to which time the payment of rent is admitted.

We think that this contention must be sustained. The lease gave to the defendant the option of re-leasing the premises "for a term of ten years, or any part thereof."

The tenant seasonably and formally gave written notice to the landlord of his election to continue the tenancy under the lease for a

further period of three months; this, accompanied by a continuation of possession, was sufficient for the purpose. According to the weight of authority, the clause in the lease already quoted should be construed as a present demise to take effect in the future at the option of the lessee.

In *Sweetser* v. *McKenney*, 65 Maine, 235, the lease was "for five years and as much longer as he desires." The court held that between the parties to such lease, the right of occupation by the lessee, so long as he fulfills its condition, is not liable to be defeated at the option of the lessor.

In *Holley* v. *Young*, 66 Maine, 520, the lease was for one year with this further provision: "We further agree to lease to said Young (the tenant) said premises situated in Farmington Village at the price and conditions named as long as he wishes to occupy the same." It was held by the court that the remaining in possession by the tenant, at the expiration of the year, was an election that the tenancy was to continue.

The tenancy therefore, was terminated upon December 1st, 1896, the day upon which the premises were vacated; and the defendant was not liable for rent subsequent to that day.

III.    The lease contained the usual covenant upon the part of the lessee to quit and deliver up the premises to the lessor at the expiration of the term, "in as good order and condition, reasonable use and wearing thereof, or inevitable accident, excepted, as the same are or may be put into by the said lessor, and not make or suffer any waste thereof." It also contained this provision, "with the privilege of removing whatever partitions said company may desire to remove during their term of occupancy, provided said company replace said partitions in as good condition as they find them."

The property leased was a brick building of three stories and an attic situated on one of the principal business streets in the city of Rockland. When the lessee took possession it consisted of two stores upon the ground floor, offices on the second floor, and the third and attic floors were finished as halls with anterooms. For

the purpose of using the whole building as one store, the lessee took down partitions, changed the locations of stairways and made numerous other alterations.   It is not claimed that the defendant replaced the partitions removed by it, or that it restored the building in other respects to the same condition in which it was at the time of the lease.   This work has been subsequently done to some extent by the landlord.   The only question presented is as to the rule of damages to be adopted for this branch of the case.

The defendant contends that the measure of damages is the injury, if any, to the market value of the property; that if the alterations made by the lessee enhance the market value of the property, no damages would be recoverable upon this branch of the case.   We do not think that this is the correct rule.   The plaintiff was the owner of the building so arranged as to consist of two stores, offices, and halls.   In his lease he allowed the defendant, at its own expense, to make such alterations as would convert the whole building into one store, but the lessee was required by the provisions in the lease already referred to, at the expiration of the term to replace any partitions removed and to deliver up the building in as good condition as when leased.   The defendant can not say in answer to a claim for damages for non-performance of its covenants, that the radical changes voluntarily made by it enhanced or did not diminish the value of the property.   The owner was entitled to exercise his own judgment as to the interior arrangement of his own building.   He allowed the alterations to be made, but he protected his rights by the clauses in the lease which required the lessee to restore the building in the same condition, so far as voluntary alterations are concerned, as when leased.

The rule as to the measure of damages is a simple one, it is the cost of doing what the defendant covenanted to do but did not do; the cost of replacing the partitions and restoring the building to the same condition, so far as these voluntary alterations are concerned, as it was in when leased.   In an English case decided by the Court of Queen's Bench, in 1891, it was decided that the measure of damages for a breach of a covenant to leave demised premises in repair is the amount of money necessary to put the

premises into the state of repair required by the covenant.   *Joyner* v. *Weeks*, 2 Q. B. 31.

It is unnecessary to inquire whether the plaintiff would have been entitled, if he had sued for it, to have included in his recoverable damages a reasonable sum for the loss of the use of the premises for the time necessary to restore the building to its former condition, because, as we have seen, this claim is not specified in the account which the statute requires to be annexed to the writ.

Some months after the defendant went into possession under the lease, a conference was had between the plaintiff and certain representatives of the defendant company, at which time permission was given by the plaintiff for the defendant to make further alterations to the building than those referred to in the lease, upon the agreement that the defendant should upon the expiration of the tenancy restore the building to the same condition as when leased, and subsequently upon February 15, 1894, a written agreement was signed by the plaintiff and by the defendant's local manager, by the terms of which the original lease was somewhat modified under certain contingencies; but as we construe this written agreement it in no way affects the question of the defendant's liability, under the circumstances of the case, and it is consequently unnecessary to decide the question raised as to the authority of the defendant's local representative to sign this agreement in the name of the defendant.

IV.   During the term, sometime prior to March 1, 1895, the plaintiff at his own expense put an elevator into the building. The cost of this, some $1600, together with the cost of its removal, he seeks to recover of the defendant.   The case does not disclose any liability upon the part of the defendant to pay either of these sums.   The plaintiff was induced to make this outlay for placing the elevator in the building by the representatives of the defendant company, and was perhaps led to believe that by doing so it would insure the continuation of the tenancy for a long term of years; but the only liability which the defendant assumed with respect to the elevator was to pay an additional yearly rent equal to ten per cent of the cost of the elevator.

In accordance with the terms of the report, the case is remanded to the court, at nisi prius, for the assessment of damages in accordance with this opinion.                    *Case remanded.*