Samuel Feldman, Appellant, *v.* Sheridan Warehouse Coopera- tive Corp., Otherwise Known as Sheridan Warehouse Corp., Respondent.

Fourth Department, March 11, 1936.

*Glenn W. Woodin*, for the appellant.

*John K. Patterson*, for the respondent.

PER CURIAM. Plaintiff under a written lease rented from defendant certain premises for a term of one year from August 1, 1933, to August 1, 1934. The lease contained this provision: "Party of second part [the lessee] shall have privilege of renewing this lease for five years or any part thereof." Plaintiff retained possession of the premises after August 1, 1934, paying rent at the original rate, which was accepted for every month up to and including July, 1935. On January 8, 1935, defendant wrote plaintiff a letter as follows:

"DEAR SIR: It is our desire to occupy the warehouse. You are therefore hereby notified to vacate the same in accordance with our contract."

On February 18, 1935, plaintiff wrote to defendant as follows:

"GENTLEMEN: Pursuant to agreement between you and Samuel Feldman [the plaintiff] dated August 1, 1933, Mr. Feldman hereby exercises his privilege of renewing lease for the term of five years as provided in said lease."

On June 28, 1935, defendant wrote plaintiff to the effect that plaintiff had not exercised any option prior to August 1, 1934, and that he would be regarded by defendant as having held over for one year and that defendant elected that plaintiff should relinquish possession of the premises on August 1, 1935. Under an agreed statement of facts plaintiff has brought an action for a declaratory judgment as to his rights in the premises and the trial court has rendered judgment from which this appeal is taken requiring plaintiff to surrender the premises because the lease expired August 1, 1935.

It is well settled that where a notice of extension of term is provided for in a lease and the lessee holds over after the end of the term without giving notice and the lessor thereafter accepts rent, the lessor waives the giving of any notice. (*Probst* v. *Rochester Steam Laundry Co.*, 171 N. Y. 584.) So far as there being any differentiation now between a covenant to renew and a covenant to extend a lease that question has been settled in *Orr* v. *Doubleday, Page & Co.* (223 N. Y. 334), which holds that there is no distinction between the terms. It is to be noted that rent was paid and accepted at the former rate not only up to January 8, 1935, but after February 18, 1935, and up to and including July, 1935. This recognized some kind of an extension of renewal of the tenancy and our only question is the length of the renewal term to which plaintiff is entitled. The lessor's letter of January 8, 1935, said nothing concerning the lessor's construction of the lease or its claim as to the legal effect of the holding over by appellant, whereas the appellant-tenant's letter of February 18, 1935, specified plainly the lessee's claim as to the new tenancy and was a definite notice of his election to make the renewal one for five years. The lease did not specify when or how plaintiff should give notice; the renewal paragraph was ambiguous and undoubtedly so understood from the beginning by both parties, and the tenant is entitled to be favored in matters of uncertainty. (*Blackman* v. *Striker*, 142 N. Y. 555; *Horton* v. *Niagara, Lockport & Ontario Power Co.*, 231 App. Div. 386.) All the circumstances considered, the lessor's acceptance of rent for some four months after the receipt of the letter of February eighteenth from appellant makes the lessor's letter of June 28, 1935, valueless and estops respondent from claiming a new tenancy other than one for five years, as elected by appellant on February 18, 1935.

The judgment appealed from should be reversed and a declaratory judgment entered in favor of appellant, with costs.

All concur, except THOMPSON, J., who dissents and votes for affirmance. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law, with costs, and a declaratory judgment granted in favor of the appellant, with costs.