## CUMMINGS v. RYTTING.

No. 7137.   Decided June 30, 1949.   (207 P. 2d 804.)
Rehearing Denied October 17, 1949.

See 51 C. J. S., Landlord and Tenant, sec. 56; Renewal of a lease where the contract for renewal is in general terms, see text, 32 Am. Jur. 807. See, also, 166 A. L. R. 1237. Oral notice of intention to renew a lease and the statute of frauds, see note, 99 A. L. R. 1010. See, also, 32 Am. Jur. 821.

[1]*O'Rielly* v. *McLean,* 84 Utah 551, 37 P. 2d 770; *Meagher* v. *Dean,* 97 Utah 173, 91 P. 2d 454.

*Milton V. Backman,* Salt Lake City, for appellant.

*Callister, Callister & Lewis,* Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff sued for unlawful detainer. Judgment was entered in favor of defendant, and plaintiff appeals.

The real estate in question was purchased by plaintiff in October, 1945, from Elizabeth A. Bjorling and her co-owners, under whom both plaintiff and defendant had for a number of years each occupied a portion of the premises as tenants. Both held possession under written leases. The last lease entered into by defendant was dated April 15, 1940, the habendum clause appearing in defendant's copy thereof reading as follows:

> "To have and to hold the said premises together with the appurtenances, unto the said lessee, his executors, administrators and assigns, from the 15th day of April A. D. 1940, for and during and until the 15th day of April A. D. 1945, a term of five years. With a five year option."

The last quoted phrase of such clause, viz., "with a five year option," is the crux of the controversy before us.

By appropriate assignment appellant assails a finding of the trial court to the effect that such phrase was in the lease at the time it was executed in April, 1940, contending that such finding lacks support in the record. Two copies of this lease were signed by the parties. They were drawn by Mrs. Bjorling who signed as lessor—the blank spaces in the lease form and the special covenants being written by her in long hand. The copy in defendant's possession, which was introduced in evidence by him, contains, in the admitted handwriting of Mrs. Bjorling, the option phrase. That produced in court by Mrs. Bjorling does not. Defendant admitted that he noticed that the phrase was omitted therefrom when

he signed Mrs. Bjorling's copy and stated that he suggested that she insert the phrase in such copy.

Mrs. Bjorling, on the other hand, testified that the phrase in question was in neither copy of the lease when signed, but was inserted in defendant's copy some time later—maybe a month or even as long as a year later—when he importuned her so to do, in order that he might be protected in case of a subsequent sale of the property. Other evidence is pointed to by appellant as tending to cast doubt upon the testimony of defendant in this point. However, he was corroborated on the point by his father who testified that he saw the lease containing the option provision immediately or shortly after its execution, and, as pointed out by the trial court, the physical appearance of the document also supports his testimony. This being a law case, the questioned finding, since it is supported by substantial evidence, cannot be disturbed by this court on appeal.

Appellant next contends that the option provision under discussion does not, in terms, grant an option to renew the existing lease for the additional term. The provision is so indefinite and ambiguous, he asserts, as to be meaningless. The contention is without merit. The phrase is added to the paragraph of the lease dealing with the term. Its context clearly indicates that its intent was to grant an option to lessee to have and to hold for an additional term of five years. Nor is the provision, as contended by appellant, indefinite as to the terms under which the tenant is to hold for the additional term.

"Where the covenant for a renewal is general and does not state the terms of the renewal lease, the new lease is to be upon the same general terms and conditions as the old lease, which are to be applicable to the renewal period." 32 Am. Juris., Landlord and Tenant, Sec. 959.

Appellant next contends that the option provision contemplated that written notice of its exercise be given him prior to the date upon which the five year term expired

and that no such notice was given. But the lease contained no provision specifying that written notice be given in such circumstance. Any notice to the landlord which informed him of the tenant's election would be sufficient to bind both parties for the term specified in the option. Verbal notice of the intention of the lessee to renew the lease for a term of years, is sufficient, notwithstanding the Statute of Frauds that all leases for a longer term than one year shall be n writing, inasmuch as the lessee does not hold for the renewal period under the notice, but under the original lease and, that being in writing, the objection grounded on the Statute of Frauds is of no merit. See *Khourie Brothers* v. *Jonakin*, 222 Ky. 277, 300 S. W. 612, and see cases cited in Annotation to *Pope* v. *Goethe*, 99 A. L. R., commencing at page 1010. That such verbal notice was given by respondent was found by the court and is supported by the testimony of respondent, and Mrs. Bjorling.

Appellant, however, takes the position that the provision under discussion contemplated not an extension of the term, but the execution of a new lease. In support of this contention, he points to testimony to the effect that respondent some time before the expiration of the five year term spoke to Mrs. Bjorling, and, subsequently, to her agent about the execution of a new lease. Assuming this testimony to be true, it, nevertheless, is not sufficient to justify a finding that at the time of execution of the lease it was in the contemplation of the parties that upon the exercise of the option by the tenant, a new lease was to be executed. In the first place, respondent's statement to the then owner and her agent could not be regarded as a practical construction of the option provisions by the parties to the agreement. This for the reason that according to Mrs. Bjorling's testimony, she had at that time forgotten that the provision was in the copy of the lease retained by respondent, and her agent, at the time the conversations with him occurred, was unaware of such provision. Furthermore, it is at least doubtful that were the contrary true, it

would justify construction of the lease in accordance with the then understanding of the parties. As stated by Underhill on Landlord & Tenant, Vol. 2, sec. 803:

"* * * In the absence of an express provision that a new lease is intended to be executed, the presumption is that no new lease is intended, but that lessee is to continue to hold under the original lease. The lease must clearly and positively show that the making of a new lease was intended. This must appear from the express language of the parties. The reason for the presumption is the fact that the making of a new lease will involve trouble and expense which should be avoided by the courts, if possible, unless it is very clear that the parties had expressly agreed to incur such trouble and expense. For if the new lease, as is always the case, when executed, is but a substitute for and a reexecution of the old lease, it is in no wise more efficacious or obligatory, nor does it confer any greater rights than the latter. * * *"

And see for a thorough discussion of the rule thus stated and of the cases supporting it, *Erickson* v. *Booth*, 79 Cal. App. 2d 266, 179 P. 2d 611.

Appellant's final contention is that appellant was a bona fide purchaser of the property in question, and, hence took title free of the extended leasehold. This contention is based on the fact that in 1941 when negotiations for sale of the property were in progress respondent in a conversation with appellant told the latter that if the property were sold, respondent would be in a "tough spot," but plaintiff would be protected because his lease did not expire until 1952. He asserts that when he subsequently negotiated for the purchase of the property in 1945, he could rely on the representations made by respondent in 1941. With this contention we do not agree. No copy of either lease was, at that time, of record. Appellant was then aware of respondent's continued possession of the premises even after his term had actually expired. He took from the seller an assignment of the rents of the premises. Appellant, in view of all of the circumstances, was put on inquiry as to defendant's rights of possession. See *Meagher*

v. *Dean,* 97 Utah 173, 91 P. 2d 454; *O'Rielly* v. *McLean,* 84 Utah 551, 37 P. 2d 770.

There is no evidence in the record that plaintiff was shown either of the executed copies of the lease prior to receipt of the deed. There is neither pleading or proof that respondent misled the appellant during the negotiations in 1945 which resulted in a transfer of title. This assignment must be overruled.

The judgment of the lower court is affirmed. Costs to respondent.

PRATT, C. J., and WADE, WOLFE and LATIMER, JJ., concur.