[Civ. No. 7714. Third Dist. July 27, 1949.]

CLYDE D. BOOTHE, Petitioner, v. THE SUPERIOR COURT OF MERCED COUNTY et al., Respondents.

Edward T. Taylor for Petitioner.

Lafayette J. Smallpage, T. B. Scott and V. G. Preston for Respondents.

THE COURT.—This is a petition for mandamus to require restitution of real property to the lessee thereof, after reversal of an adverse judgment by this court. (*Erickson* v. *Boothe,* (Cal.App.) 203 P.2d 119.) Upon filing our decision on rehearing in said cited case, this petition became moot.

The litigation involved in this petition is somewhat complicated. It has been before this court in three separate appeals. Timothy H. Carlon owned the land in Merced County which is involved in this proceeding. It was subject to a six-year lease to petitioner, Boothe, with an option to renew the lease for four additional years. The lessee was in possession of the land. The option to extend the lease was duly exercised. Carlon died testate. Mazie Erickson was appointed executrix of the estate. She filed suit for declaratory relief, asserting that the four-year renewal constituted a new lease and not a mere extension of the term of the original lease, and that it was a necessary prerequisite to file with the estate a claim to author-

ize the restoration. The trial court sustained the contention of the executrix. Pursuant to that judgment the defendant, Boothe, surrendered possession of the property. On appeal, this court determined that the option to renew the lease was duly executed; that the renewal of the lease did not constitute a new lease, but was merely an extension of the original lease, and that the filing of a claim in the estate was not necessary. The judgment was therefore reversed. (*Erickson* v. *Boothe,* 79 Cal.App.2d 266 [179 P.2d 611].) A hearing by the Supreme Court was denied. After the remittitur in that case issued, on motion of the defendant, Boothe, judgment was rendered in his favor, entitling him to be restored to possession, and to an accounting for rents, issues and profits received by the executrix while Boothe was out of possession. The pleadings in that case did not present the issue of damages sustained in the loss of rents, issues or profits. From the last mentioned judgment the executrix appealed. Assuming that the judgment of the trial court restored the defendant Boothe to possession of the land *conditioned* upon the accounting for rents, issues and profits, the defendant was refused possession of the land. On appeal, this court held (*Erickson* v. *Boothe,* (Cal.App.) 203 P.2d 119) that the right of the defendant to restoration of possession was in effect unconditional, and affirmed the order for restitution, but reversed the order for an accounting. Upon application for rehearing that decision was vacated by the granting of the petition therefor. Subsequently, upon reconsideration, the last mentioned decision of this court was approved and adopted by an opinion filed this date. In accordance with the last decision of this court, the defendant is entitled to unconditional restitution of the premises. No other issue in that case remains undetermined. As suggested in our last decision, the defendant has a right to a separate action for rents, issues and profits while he was out of possession through no fault of his own.

This petition for a writ of mandamus is therefore moot.

The writ is denied.